## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARRE FINNEY, et al.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 21-1186** |
| **THE BOARD OF COMMISSIONERS OF THE PORT OF NEW ORLEANS, ET AL.** | **SECTION: "G"** |

### ORDER AND REASONS

Plaintiffs Darre Finney ("Finney") and Glenda Marie Smith ("Smith") (collectively, "Plaintiffs") bring this suit against Defendants the Board of Commissioners of the Port of New Orleans ("Board of Commissioners") and Teucarrier No. 3 Corp ("Teucarrier") (collectively, "Defendants"), alleging that Finney was injured while working as a crane operator in the Port of New Orleans.[1] Pending before the Court are Plaintiffs' "Motion to Remand"[2] and Teucarrier's "Motion to Consolidate."[3] Considering the motions, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion to remand and denies the motion to consolidate as moot.

### I. Background

On May 24, 2021, Plaintiffs filed a petition in the Civil District Court for the Parish of Orleans, State of Louisiana against the Board of Commissioners, Teucarrier, and the M/V CMA

---

[1] Rec. Doc. 1-1.

[2] Rec. Doc. 9.

[3] Rec. Doc. 25.

1

CGB BIANCA ("BIANCA"), a ship owned by Teucarrier.[4] In the Petition, Plaintiffs allege that on August 2, 2020, Finney was working as a Gantry Crane Operator for Ports America, Inc. in the Port of New Orleans.[5] Plaintiffs claim that Finney was working approximately 90 feet in the air while loading the BIANCA.[6] Plaintiffs allege that while Finney was loading the BIANCA, the ship hit the dock at the Port of New Orleans and the crane Finney was operating.[7] Plaintiff claims that the crane's emergency braking system failed and as a result of the impact from the BIANCA, Finney was "caused to be violently slammed around in the cab" of the crane.[8] On June 1, 2021, Plaintiffs filed an amended petition, supplementing the Petition to include a statement that jurisdiction was based on the Savings to Suitors Clause under Section 9 of the Judiciary Act of 1789.[9]

On June 18, 2021, Teucarrier and the BIANCA ("Removing Defendants") removed this action to this Court pursuant to 28 U.S.C. § 1333.[10] Removing Defendants alleged that this Court had exclusive admiralty jurisdiction under 28 U.S.C. § 1333 because Plaintiffs raised *in rem* claims

---

[4] Rec. Doc. 1-1.

[5] *Id.* at 3.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 4.

[9] Rec. Doc. 1-2 at 18.

[10] Rec. Doc. 1.

against the BIANCA.[11] On July 2, 2021, Plaintiffs voluntarily dismissed their claims against the BIANCA.[12]

On July 6, 2021, Plaintiffs filed the instant motion to remand.[13] On July 20, 2021, the Board of Commissioners filed an opposition.[14] Also on July 20, 2021, Teucarrier filed an opposition.[15] On July 23, 2021, with leave of Court, Plaintiffs filed reply briefs in further support of the motion to remand.[16]

On August 6, 2021, Teucarrier filed the instant motion to consolidate, seeking to consolidate the above-captioned matter with Civil Action 20-2179, a lawsuit brought by the Board of Commissioners against the BIANCA and its owner for damage caused to the Port's cranes, also pending before this Court.[17] On August 17, 2021, Plaintiffs filed an opposition to the motion to consolidate.[18]

## II. Parties' Arguments

### A.   *Motion to Remand*

#### 1.   Plaintiffs' Argument in Support of Remand

Plaintiffs contend that while Removing Defendants removed this action pursuant to 28 U.S.C. § 1333, alleging that this Court had exclusive jurisdiction over Plaintiffs' *in rem* claims,

---

[11] *Id.* at 3.

[12] Rec. Doc. 8.

[13] Rec. Doc. 9.

[14] Rec. Doc. 15.

[15] Rec. Doc. 16.

[16] Rec. Docs. 21, 22.

[17] Rec. Doc. 25.

[18] Rec. Doc. 27.

Plaintiffs voluntarily dismissed the *in rem* claims against the BIANCA and thus, under the Savings to Suitors Clause, Plaintiffs' remaining *in personam* claims belong in state court.[19]

Plaintiffs further claim that Defendants cannot demonstrate an alternate, independent basis of jurisdiction over such claims.[20] Plaintiffs allege that there is not diversity of citizenship, as Plaintiffs and the Board of Commissioners are citizens of Louisiana.[21] Without an alternative basis for jurisdiction, Plaintiffs argue that this action must be remanded to state court.[22]

### 2.   Defendants' Arguments in Opposition to Remand

#### a.   The Board of Commissioners' Arguments in Opposition to Remand

In opposition, the Board of Commissioners argues that this Court can retain supplemental jurisdiction over the *in personam* claims.[23] It presents three main arguments in favor of this Court retaining supplemental jurisdiction: (i) the *in personam* claims are substantially similar to claims raised in Case No. 20-2179, also pending in this Court, in which the Board of Commissioners brought suit against the BIANCA and other defendants; (ii) the BIANCA remains liable for Plaintiffs' claims despite being voluntarily dismissed; and (iii) remand would not be "judicially efficient" and may lead to inconsistent verdicts in state and federal court.[24] Furthermore, if the Court remands the case back to state court, the Board of Commissioners anticipates bringing a

---

[19] Rec. Doc. 9-2 at 1, 7.

[20] *Id.* at 7–8.

[21] *Id.* at 8.

[22] *Id.*

[23] Rec. Doc. 15 at 1.

[24] *Id.*

third-party demand against the BIANCA, thereby bringing the ship back into the lawsuit and "creating another opportunity for removal."[25]

To avoid this back and forth between state court, the Board of Commissioners moves this Court to exercise supplemental jurisdiction over the *in personam* claims under 28 U.S.C. § 1367.[26] The Board of Commissioners claims that this suit arises out of the same facts as the *in rem* proceeding in Case No. 20-2179, and claims that witnesses and issues will overlap at trial.[27] The Board of Commissioners argues that in both suits, it seeks to hold the BIANCA liable *in rem* and therefore, retaining supplemental jurisdiction over this matter will "promote judicial economy and fundamental fairness."[28]

Further, the Board of Commissioners contends that the Savings to Suitors Clause "does not reserve to Plaintiffs the right to proceed solely in state court."[29] The Board of Commissioners claims that removal was appropriate given the existence of *in rem* claims originally in Plaintiffs' state court petition, and the voluntary dismissal of the BIANCA "does not make removal improper or establish that this Court lacked removal jurisdiction."[30] The Board of Commissioners further asserts that Finney is not a seaman under the Jones Act, for which historically preference was given

---

[25] *Id.* at 3.

[26] *Id.*

[27] *Id.*

[28] *Id.* at 4.

[29] *Id.*

[30] *Id.* at 5.

to choose his forum, but instead brings his claims under the Longshore and Harbor Workers' Compensation Act.[31]

Finally, the Board of Commissioners argues that remanding this action to state court could result in inconsistent verdicts on liability and allocation of fault in federal and state court suits.[32] The Board of Commissioners further claims that "the parties should not be required to incur the costs of litigating in both forums and subject witnesses to multiple depositions and trial testimony related to the same incident."[33]

> b.     Teucarrier's Arguments in Opposition to Remand

In opposition, Teucarrier argues that this Court has jurisdiction over this case because jurisdiction must be determined as of the time of removal.[34] Teucarrier claims that removal was proper at the time this case was removed because Plaintiffs' *in rem* claims provided this Court with original jurisdiction under 28 U.S.C. 1333.[35] Because removal was proper at the time this action was removed, Teucarrier asserts that Plaintiffs' subsequent dismissal of the *in rem* claims against the BIANCA was "an attempt to thwart this Court's exercise of subject matter jurisdiction" and should have no bearing on this Court's jurisdiction.[36] In support, Teucarrier points to a case

---

[31] *Id.*

[32] *Id.*

[33] *Id.* at 6.

[34] Rec. Doc. 16 at 3.

[35] *Id.* at 4–6.

[36] *Id.* at 3–4.

decided in the Southern District of West Virginia, in which the district court denied a motion to remand on similar facts.[37]

Teucarrier further claims that "[a]dditional considerations merit the denial" of the instant motion and possible consolidation with Case No. 20-2179, as both cases arise out of a common nucleus of operative facts and remand would create the risk of duplicative discovery and the possibility of inconsistent allocations of liability between the state court suit and the federal court litigation.[38] Teucarrier contends that "significant resources" have been expended on the related case, No. 20-2179, and judicial economy therefore weighs against remand.[39] Finally, Teucarrier claims that the remaining claims in this case arise under federal law and thus, "this Court would not be called upon to rule on predominantly state law issues if remand were denied."[40]

### 3.    Plaintiffs' Arguments in Further Support of Remand

Plaintiffs filed a reply brief in response to the Board of Commissioners' opposition,[41] as well as to Teucarrier's opposition.[42]  First, Plaintiffs assert that "[i]t is undisputed that Plaintiffs' claims against the remaining Defendants are *in personam* general maritime claims" filed under the Savings to Suitors Clause, and because Defendants have not shown another basis for federal jurisdiction, this action must be remanded.[43] Plaintiffs argue that this Court should neither exercise

---

[37] *Id.* at 6.

[38] *Id.* at 7.

[39] *Id.*

[40] *Id.* at 8.

[41] Rec. Doc. 21.

[42] Rec. Doc. 22. Because the two replies are essentially the same, the Court will recap the arguments together.

[43] Rec. Doc. 21 at 2; Rec. Doc. 22 at 2–3.

supplemental jurisdiction over the remaining *in personam* claims nor consolidate this matter with Case No. 20-2179 because such actions would be highly prejudicial to Plaintiffs.[44] Plaintiffs highlight the fact that Case No. 20-2179 was filed on August 4, 2020 and is set for trial on November 15, 2021, whereas the instant action was filed only a few months ago.[45] Plaintiffs contend that Finney is "still undergoing significant medical treatment" and Plaintiffs have yet to conduct significant discovery.[46] Further, Plaintiffs cite to a case out of the Northern District of New York that they allege supports their request for remand.[47]

**B.    *Motion to Consolidate***

### 1.    Teucarrier's Arguments in Support of the Motion to Consolidate

Teucarrier urges the Court to consolidate this matter with Case No. 20-2179, also pending before this Court, because both cases arise out of the "same facts and circumstances."[48] Teucarrier argues that given that the same parties are involved in both cases, and given that the evidence "will likely be the same in both lawsuits," consolidation is "necessary and appropriate to avoid an abuse of process and this Court's resources and potentially inconsistent verdicts."[49]

---

[44] Rec. Doc. 21 at 2–3; Rec. Doc. 22 at 6–7.

[45] Rec. Doc. 21 at 3; Rec. Doc. 22 at 6–7.

[46] Rec. Doc. 21 at 3–4; Rec. Doc. 22 at 7.

[47] Rec. Doc. 21 at 5–6; Rec. Doc. 22 at 4.

[48] Rec. Doc. 25-1 at 4.

[49] *Id.*

## 2.      Plaintiffs' Arguments in Opposition to the Motion to Consolidate

Plaintiffs argue that the instant motion to consolidate should be denied because such consolidation would be unfairly prejudicial to Plaintiffs.[50] Plaintiffs highlight that Case No. 20-2179 was filed over a year ago, on August 4, 2020, and is set for trial on November 15, 2021.[51] Plaintiffs further highlight that many of the applicable deadlines in Case No. 20-2179 have passed.[52] According to Plaintiffs, consolidation will "cause Plaintiffs to suffer immeasurable prejudice."[53]

Plaintiffs therefore request that the Court exercise its discretion and deny the motion to consolidate.[54] Plaintiffs urge that their claims "clearly are not ripe for adjudication," as Finney continues to undergo medical procedures.[55] Plaintiffs argue that Finney will not be at maximum medical improvement on November 15, 2021 and that they will not have adequate time to conduct discovery and prepare their case prior to trial.[56]

---

[50] Rec. Doc. 27.

[51] *Id.* at 3. On October 5, 2021, this Court granted a motion to continue the trial date and related pretrial deadlines in that case. 20-2170, Rec. Doc. 51. As of the date of this Order, the trial date in that case has not been reset.

[52] *Id.*

[53] *Id.* at 4.

[54] *Id.* at 6.

[55] *Id.* at 6–7.

[56] *Id.* at 7.

### III. Legal Standards

**A.**     ***Legal Standard on a Motion to Remand***

Unless an act of Congress provides otherwise, a defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[57] Pursuant to 28 U.S.C. § 1331, a district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[58] The removing party bears the burden of demonstrating that federal jurisdiction exists.[59] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[60] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[61]

Pursuant to 28 U.S.C. § 1333(1), district courts have original jurisdiction over any civil case of admiralty or maritime jurisdiction, "saving to suitors in all cases all other remedies to which they are entitled."[62] The Supreme Court has interpreted the "Saving to Suitors" Clause as

---

[57] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002).

[58] 28 U.S.C. § 1331.

[59] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[60] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[61] *Acuna v. Brown & Root Inc*., 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp*., 855 F.2d 1160, 1164 (5th Cir. 1988)).

[62] 28 U.S.C. § 1331(1).

10

preserving the concurrent jurisdiction of the state and federal courts over admiralty and maritime claims.[63] Thus, courts have concluded that general maritime claims are not removable when filed in state court absent an independent basis of jurisdiction other than 28 U.S.C. § 1333.[64]

**B.    *Legal Standard on a Motion to Consolidate***

Federal Rule of Civil Procedure 42(a) allows a district court to consolidate matters:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

A trial court has broad discretion in determining whether to consolidate a case pending before it.[65] However, "the trial judge should be most cautious not to abuse his [or her] judicial discretion and to make sure that the rights of the parties are not prejudiced by the order of consolidation under the facts and circumstances of the particular case. Where prejudice to rights of the parties obviously

---

[63] *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 444 (2001) ("Thus, the saving to suitors clause preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims."); *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 362 (1959); *The Moses Taylor*, 71 U.S. 411, 422 (1866) ("It is well known that at the time of the adoption of the Constitution, whatever admiralty jurisdiction existed in this country, was exercised by the State courts."); *see also Gregoire v. Enter. Marine Servs., LLC*, 38 F. Supp. 3d 749, 754 (E.D. La. 2014) (Duval, J.).

[64] *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 220 (5th Cir. 2013) (holding that "removal of maritime cases is permissible as long as there is an independent basis for federal jurisdiction"); *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991) (noting that complete diversity of citizenship was required between the parties for removal of an admiralty claim to be proper); *Gregoire*, 38 F. Supp. 3d at 754 ("In short, general maritime law claims are not now removable—nor have they ever been—without an independent basis of jurisdiction other than 28 U.S.C. § 1333.").

[65] *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985) (citing *N.A.A.C.P. of La. v. Michot*, 480 F.2d 547, 548 (5th Cir. 1973)).

results from the order of consolidation, the action of the trial judge has been held reversible error."[66]

## IV. Analysis

In the two motions pending before the Court, Plaintiffs urge this Court to remand this matter, as this Court no longer has jurisdiction, and to deny Defendants' attempt to consolidate this case with No. 20-2179. Defendants argue that consolidation is appropriate and that this Court retains jurisdiction over this matter pursuant to 28 U.S.C. § 1367. The Court will first analyze whether remand is appropriate. Because the Court finds that it is, the Court need not address the motion to consolidate.

Plaintiffs brought this action in state court against the Board of Commissioners, the BIANCA, and Teucarrier.[67] Plaintiffs thereafter filed an Amended Complaint, invoking the Savings to Suitors Clause.[68] Teucarrier and the BIANCA thereafter removed the case, invoking this Court's jurisdiction over Plaintiffs' *in rem* claims against the BIANCA pursuant to 28 U.S.C. § 1333.[69] On July 2, 2021, Plaintiffs voluntarily dismissed the *in rem* claims brought against the BIANCA.[70] Given that Defendants removed the case based solely on the *in rem* claims, Plaintiffs now move this Court to remand this action.[71]

### A.  *Removal of In Rem Claims*

---

[66] *Dupont v. S. Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1966).

[67] Rec. Doc. 1-1.

[68] Rec. Doc. 1-2.

[69] Rec. Doc. 1.

[70] Rec. Doc. 8.

[71] Rec. Doc. 9.

Article III of the U.S. Constitution extends the judicial power of the United States to "all Cases of admiralty and maritime Jurisdiction."[72] Congress codified this jurisdictional grant in the Judiciary Act of 1789, which provides:

> That the district courts shall have, exclusively of the courts of the several States . . . exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction . . . within their respective districts as well as upon the high seas; saving to suitors in all cases, the right of a common law remedy, where the common law is competent to give it.[73]

That last clause, commonly referred to as the Savings to Suitors Clause, has been reworded over the years, but "its substance has remained largely unchanged."[74]

Courts have traditionally interpreted the Judiciary Act to create two alternate bases for federal maritime jurisdiction.[75] First, courts have instructed that the Act grants exclusive federal jurisdiction to claims proceeding in admiralty alone, meaning "those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien."[76] Second, when a maritime plaintiff sues in state court seeking common-law remedies, the case falls within the Savings to Suitors Clause's "exception" to original federal jurisdiction.[77] Accordingly, courts

---

[72] U.S. Const., Art. III, § 2.

[73] Ch. 20, § 9, 1 Stat. 73.

[74] *Lewis*, 531 U.S. at 443–44; *see also* 28 U.S.C. § 1333 ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled . . . .").

[75] *Romero*, 358 U.S. at 362–63.

[76] *Madruga v. Super. Ct. of State of Cal.*, 346 U.S. 556, 560 (1954).

[77] *See Romero*, 358 U.S. at 362 (maritime actions seeking common-law remedies fell within the saving-to-suitors clause and were "traditionally administered by common-law courts of the original States"); *Barker*, 713 F.3d at 222 ("However, admiralty jurisdiction is not present in this suit because Barker filed in state court, therefore invoking the saving-to-suitors exception to original admiralty jurisdiction.").

have historically interpreted the savings clause to require that, "[e]xcept in diversity cases, maritime litigation brought in state courts could not be removed to the federal courts."[78]

After the 2011 amendments to the removal statute, courts have struggled to determine whether the amendments have made maritime claims brought in state court removable. Therefore, a review of the Fifth Circuit's interpretation of removal of maritime claims prior to 2011 is in order. The prior version of 28 U.S.C. § 1441 provided:

> (a) *Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b) Any civil action of which the district courts have original jurisdiction *founded on a claim or right arising under the Constitution, treaties or laws of the United States* shall be removable without regard to the citizenship or residence of the parties. *Any other such action* shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.[79]

In *In re Dutile*, the Fifth Circuit analyzed whether an *in rem* claim was removable under this statute.[80] The Court noted that § 1333 makes an *in rem* claim a "civil action . . . of which the district courts . . . have original jurisdiction."[81] Nevertheless, the Fifth Circuit explained that § 1441(a) makes such a claim removable "[e]xcept as expressly provided by an Act of Congress."[82]

---

[78] *Romero*, 358 U.S. at 363.

[79] 28 U.S.C. § 1441(a) (1990) (emphasis added).

[80] *Dutile*, 935 F.2d at 62.

[81] *Id.*

[82] 28 U.S.C. § 1441(a).

The Fifth Circuit went on to find that § 1441(b) was an express provision providing otherwise.[83]

Although the first sentence of § 1441(b) permitted removal of cases raising federal questions without regard to the citizenship or residence of the parties, the Fifth Circuit noted that "claims in admiralty, whether designated in rem or in personam, do *not* fall within this category."[84] Therefore, the court found that admiralty claims fell within the "any other such action" category in § 1441(b), which makes such claims removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought."[85] The court explained that "[t]he practical effect of these provisions is to prevent the removal of admiralty claims pursuant to § 1441(a) unless there is complete diversity of citizenship (predicated upon out-of-state defendants)."[86] Accordingly, although an *in rem* maritime claim is within federal courts' original jurisdiction under § 1333, the Fifth Circuit found that § 1441(b) is an "Act of Congress" that "expressly provide[s]" that it is nonremovable.[87] The court noted that the conclusion created "somewhat of an anomaly-certain in rem admiralty claims, of which the federal district courts have exclusive jurisdiction, may not be removed from state court."[88] Nonetheless, the court found that "Congress simply has not supplied the district courts with removal jurisdiction of admiralty claims absent diversity."[89]

---

[83] *Dutile*, 935 F.2d at 62–63.

[84] *Id.*

[85] *Id.* at 63.

[86] *Id.*

[87] *Id.*

[88] *Id.*

[89] *Id.*

However, Congress amended the removal statute in 2011 to the current version, which provides:

> **(b) REMOVAL BASED ON DIVERSITY OF CITIZENSHIP.—**
>
> **(1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
> **(2)** A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.[90]

Most notably, Congress removed the "[a]ny other such action" language from subsection (b), which the *Dutile* court had relied on in finding that maritime claims were excluded from § 1441(a)'s grant of removal jurisdiction over claims where federal courts had original jurisdiction.

Although the Fifth Circuit has yet to address whether the 2011 amendments made a substantive change in removal jurisdiction over maritime cases, district courts in this circuit have come to different conclusions. In *Ryan v. Huercules Offshore Inc*, for example, a district judge in the Southern District of Texas concluded that the 2011 amendments made admiralty claims removable.[91] The court explained that while Congress retained the provision permitting removal over cases in which courts have original jurisdiction unless prohibited by an act of Congress, but removed the "any other such action" language that the *Dutile* court read to prohibit removal, the amendments made admiralty claims removable.[92] In *Gregoire v. Enterprise Marine Services, LLC*, however, another judge in this district concluded that the amendments did not alter the traditional

---

[90] 28 U.S.C. § 1441.

[91] *Ryan v. Hercules*, 945 F. Supp. 2d 772, 778-80 (S.D. Tex. 2013). *See also Langlois v. Kirby inland Marine, LP*, 139 F. Supp. 3d 804, 809 (M.D. La. 2015) (collecting cases).

[92] *Ryan*, 945 F. Supp. 2d at 777.

16

rule against removal of maritime claims.[93] The court explained that maritime cases brought in state court are "by definition, brought at common law under the saving to suitors clause as an 'exception' to the original jurisdiction of the federal courts."[94] If the 2011 amendments made state court maritime cases removable under § 1333, the court explained, "the effect would be tantamount to considering all maritime law claims as part of federal question jurisdiction under Section 1331, eviscerating the saving to suitors clause."[95] Every district judge in the Eastern District of Louisiana to consider this issue, including the undersigned Chief United States District Judge, has adopted the latter interpretation, retaining the traditional rule that maritime cases filed in state courts are not removable absent an independent basis for federal jurisdiction.[96]

However, each of those cases addressed only whether an *in personam* maritime claim was removable under the 2011 amendments.[97] Because the instant case was removed on the basis of

---

[93] *Gregoire*, 38 F. Supp. 3d at 764–65.

[94] *Id.* at 764. *See also Parker*, 2014 WL 7338850 at *4 (explaining that "[w]hile *Dutile* may establish that the phrase '[a]ny other such action' is the necessary Act of Congress required to preclude removal of *in rem* claims, the decision has little persuasive force for claims brought under the saving to suitors clause of section 1333" because "[i]rrespective of section 1441, general maritime cases are not removable without separate grounds for jurisdiction under the saving to suitors clause of 28 U.S.C. 1333(1)").

[95] *Id.*

[96] *Island Ventures, LLC v. K-Mar Supply II, LLC,* No. 20-2263, 2020 WL 6269136 (E.D. La. Oct. 26, 2020) (Brown, C.J.); Wright and Miller, 14A Fed. Prac. & Proc. § 3674 (4th ed.) ("Several district courts that have considered the issue since have followed the reasoning of the *Ryan* court, but a majority have proffered reasons why admiralty jurisdiction does not independently support removal."). *See also Yavorsky v. Felice Navigation, Inc.*, 2014 WL 5816999, *5 (E.D. La. Nov. 7, 2014) (Lemmon, J); *Henry J. Ellender Heirs, LLC v. Exxon Mobil Corp.*, 42 F. Supp. 2d 812, 2014 WL 4231186, *6 (E.D. La. Aug. 26, 2014) (Fallon, J); *Bisso Marine Co., Inc. v. Techcrane Intern., LLC*, 2014 WL 4489618, *4 (E.D. La. Sep. 10, 2014) (Feldman, J); *Riley v. Llog Exploration Co. LLC*, 2014 WL 4345002, *3 (E.D. La. Aug. 28, 2014) (Milazzo, J); *Gregoire v. Enter. Marine Servs., LLC*, No. 14-840, 2014 WL 3866589, at *3 (E.D. La. Aug. 6, 2014) (Duval, J.); *Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC*, 2014 WL 3796150, *2 (E.D. La. July 29, 2014) (Berrigan, J); *Perrier v. Shell Oil Co.*, 2014 WL 2155258, *3 (E.D. La. May 22, 2014) (Zainey, J).

[97] *See supra* n.95.

an *in rem* claim against the BIANCA, it presents a slightly different question.[98] Although Plaintiffs have voluntarily dismissed that claim, the Court must look to jurisdictional facts at the time of removal.[99] Accordingly, the Court must determine whether the 2011 amendments permitted the removal of Plaintiffs' *in rem* claim, and whether removal of the *in rem* claim is an "independent basis" upon which to remove the *in personam* claim.[100] This appears to be an issue of first impression. Although the Court agrees that the 2011 amendments did not make *in personam* claims removable, for the reasons stated below, the Court finds that the amendments did make *in rem* claims removable.

The distinction between *in rem* and *in personam* claims is crucial in the removal analysis. Because federal courts have exclusive jurisdiction over *in rem* claims, the Savings to Suitors Clause applies only to *in personam* claims.[101] Although federal courts do have original jurisdiction over admiralty claims under § 1333, as discussed, the Savings to Suitors Clause is an exception to this general rule when such cases are filed in state court.[102] Therefore, *in personam* admiralty claims filed in state court under the savings to suitors exception to original jurisdiction are not "civil action[s] brought in a State court of which the district courts of the United States have original jurisdiction."[103] However, federal courts retain original, and indeed, exclusive jurisdiction

---

[98] Rec. Doc. 1 at 3.

[99] *Louisiana v. American Nat. Property Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014).

[100] Although Plaintiffs do not question whether *in rem* claims are removable, "[e]very federal court should, on its own, ensure that subject-matter jurisdiction is present." *The Lamar Co., LLC v. Mississippi Transportation Commission*, 976 F.3d 524, 528 (5th Cir. 2014).

[101] *Lewis*, 531 U.S. at 452 ("[T]he saving to suitors clause does not reach actions *in rem*.").

[102] *Barker*, 713, F.3d at 222.

[103] *See* 28 U.S.C. § 1441(a); *Parker v. U.S. Environ. Servs., LLC*, No. 14-292 2014 WL 7338850 at *3 (S.D. Tex. 2014) ("[U]nlike *in rem* claims, claims filed in state court pursuant to the saving to suitors clause do not fall

over *in rem* claims, putting such claims outside the scope of the Savings to Suitors Clause exception. [104] It follows that *in rem* maritime claims are properly characterized as "civil actions . . . of which the district courts of the United States have original jurisdiction," under § 1441(a).[105] Under § 1441(a), any civil action that federal courts have original jurisdiction over is removable, "except as otherwise expressly provided by an Act of Congress."[106] The relevant inquiry then, is whether any act of Congress "expressly provide[s]" that *in rem* actions are non-removable.

The text of the removal statute, as amended in 2011, no longer operates to restrict the removal of *in rem* claims filed in state court. Prior to the amendment, § 1441(b) described two categories of claims: federal questions and "other such action[s]." The first category made removable "[a]ny civil action of which the district courts have original jurisdiction *founded on a claim or right arising under the Constitution, treaties or laws of the United States*. . . without regard to the citizenship or residence of the parties."[107] The second category  provided that "*[a]ny other such action* shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[108] Therefore, under the prior version of § 1441(b), the Fifth Circuit found that *in rem* maritime claims were "other such

---

within the original jurisdiction of the federal courts.").

[104] *Madruga*, 346 U.S. at 560–61 ("Admiralty's jurisdiction is 'exclusive' only as to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien.").

[105] *Dutile*, 935 F.2d at 62 ("Admittedly, the in rem claims do constitute a 'civil action . . . of which the district courts . . . have original jurisdiction' by virtue of § 1333(1).").

[106] 28 U.S.C. § 1441(a).

[107] 28 U.S.C. §1441(b) (first sentence).

[108] *Id.* (second sentence).

19

action[s]" that could only be removed if none of the defendants were citizens of the forum.[109] Because this forum-defendant rule only applies in diversity cases, the "practical effect of these provisions [was] to prevent the removal of admiralty claims pursuant to § 1441(a) unless there is complete diversity of citizenship (predicated upon out-of-state defendants)."[110] However, as amended, § 1441(b)(2) does not include the "other such action" language. Nothing in § 1441(b), as amended, restricts the operation of § 1441(a)'s grant of removal jurisdiction in cases where federal courts have original jurisdiction—such as cases involving *in rem* claims.

In other words, the 2011 Amendments removed the "anomaly" identified by the Fifth Circuit in *In re Dutile*. In that case, given the prior version of § 1441(b), the court found that Congress "simply has not supplied the district courts with removal jurisdiction of admiralty claims absent diversity."[111] As a result, *in rem* admiralty claims filed in state court could not be removed to federal court, even though federal courts have exclusive jurisdiction over *in rem* claims.[112] When Congress amended § 1441(b), it eliminated the "other such action" category, and instead prohibited removal only where the sole basis for removal is diversity and one of the defendants is a citizen of the forum. Absent the "other such action" language, there is no act of Congress "expressly provid[ing]" a restriction on § 1441(a)'s removal authorization. Because there can be no doubt that *in rem* actions are within the original jurisdiction of the district courts,[113] the 2011 Amendments

---

[109] *Dutile*, 935 F.2d at 63.

[110] *Id.*

[111] *Id.*

[112] *Id.*

[113] *Id.* at 109.

20

put such claims squarely within the ambit of § 1441(a)'s removal provision.

Although the Court agrees with the reasoning of the district courts that find that the 2011 amendments did not make *in personam* claims removable, that reasoning is inapplicable to *in rem* claims. Those cases, including those decided by the undersigned Chief Judge, explain that maritime claims filed in state court are "by definition, brought at common law under the saving to suitors clause as an 'exception' to the original jurisdiction of the federal courts."[114] Absent another basis for removal, such claims are nonremovable *not* because of the second sentence of the prior version of § 1441(b), but, because they fall within the exception to § 1333's grant of original jurisdiction, they do not count as "civil action[s] . . . of which the district courts . . . have original jurisdiction" under § 1441(a).[115] On the other hand, § 1333 does grant federal courts original jurisdiction—and indeed, exclusive jurisdiction—over *in rem* claims. Accordingly, *in rem* claims are "civil action[s] . . . of which the district courts . . . have original jurisdiction," and are removable under § 1441(a) because the current version of § 1441(b) does not "expressly provide[]" otherwise.

Furthermore, as the district courts rejecting the *Ryan* court's analysis note, allowing

---

[114] *Darville v. Tidewater Marine Service, Inc.*, 2016 WL 1402837 at*8 (E.D. La. April 11 2016) (Brown, J.); *Gregoire*, 38 F. Supp. 3d at 764.

[115] *See Barker*, 713 F.3d at 222 ("[A]dmiralty jurisdiction is not present in this suit because Barker filed in state court, therefore invoking the saving to suitors exception to original admiralty jurisdiction."); *Figueroa v. Marine Inspection Services*, 28 F. Supp. 3d 677 (S.D. Tex. 2014) ("While this Court would have "original jurisdiction" pursuant to 28 U.S.C. § 1333 over Figueroa's claims had he filed them here . . . 'original jurisdiction' evaporated when he filed his action in state court, making the claims nonremovable on the basis of admiralty jurisdiction."); *Parker*, 2014 WL 7338850 (explaining that the bar against removing saving clause cases absent diversity or federal question jurisdiction "exists independent of section 1441, and therefore the [2011] amendments to section 1441 have no effect. Although the 2011 clarification to section 1441 deleted the text that prevented the removal of *in rem* claims, this deletion is irrelevant to the operation of the saving to suitors clause"); *Sanders v. Cambrian Consultants America, Inc.*, 132 F. Supp. 3d 853, 858 (S.D. Tex 2015) ("[W]hen a maritime claim is filed in state court under the Savings to Suitors Clause, it is transformed into a case at law, as opposed to admiralty. The federal district courts thus do not have original jurisdiction under the Savings to Suitors Clause."); *Darville*, 2016 WL 1402837 at *8 (explaining that "the Ryan court's reasoning is based on the mistaken premise that 28 U.S.C. § 1333 confers original jurisdiction over maritime cases brought at law, as opposed to in admiralty").

removal of *in personam* cases filed in state court would "be tantamount to considering all maritime law claims as part of federal question jurisdiction under Section 1331, eviscerating the saving to suitors clause."[116] That, of course, is not true with respect to *in rem* claims. Unlike for *in personam* claims, where the Savings to Suitors Clause preserves a plaintiff's ability to keep their claim in state court absent an independent ground for jurisdiction,[117] jurisdiction over *in rem* claims is exclusive to federal court.[118] Reading the 2011 Amendments to permit removal of *in rem* claims is consistent with the federal courts' exclusive jurisdiction over such claims, and resolves the anomaly adopted by the Fifth Circuit in *Dutile* where *in rem* claims were exclusively federal but could not be removed to federal court if filed in a state court.

Accordingly, the best reading of the text of § 1441, consistent with tradition and exclusive federal jurisdiction over *in rem* actions, permits a defendant to remove an *in rem* claim filed in state court.[119] Therefore, the Court finds that *in rem* actions filed in state court are removable.

**B.**     ***Removal of In Personam Claims Joined with an In Rem Claim***

The relevant inquiry then becomes whether this entire case was properly removed based on the existence of the *in rem* claim that was present at the time of removal.

---

[116] *Gregoire*, 38 F. Supp.3d at 764.

[117] *Romero*, 358 U.S. at 480 (noting that there is a "historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal").

[118] *Madruga*, 346 U.S. at 560.

[119] An alternative ground for this result was explained by another judge in this district in *Keys v. Sea-Land HONDURAS*, No. 91-3441 1998 WL 28228 at *1–3 (E.D. La. January 20, 1998) (Sear, J.). In that case, the court explained that the *Dutile*'s Court's conclusion that *in rem* admiralty claims are not removable is mistaken. The court found the authority to remove an *in rem* claim can be found in what is today Rule 1441(f), which provides that "[t]he court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." However, this provision was in the removal statute in 1991 when *Dutile* was decided. Whether the authority to remove an *in rem* maritime action filed in state court is found in 1441(a) or 1441(f), there can be no doubt that *in rem* maritime actions—over which federal courts have exclusive jurisdiction—are now removable.

Plaintiffs' motion to remand argues that because the *in rem* claim has been dismissed, and neither federal question nor diversity jurisdiction exists, the Court lacks jurisdiction over the case.[120]   Defendant Board of Commissioners argues that the dismissal of the *in rem* claim "does not make removal improper or establish that this Court lacked removal jurisdiction," and that the remaining "issue for the Court to consider here is whether it has jurisdiction over the remaining claims" under 28 U.S.C. § 1367.[121] Defendant Teucarrier argues instead that the presence of the *in rem* claim at the time of removal serves as the "independent basis for jurisdiction other than 28 U.S.C. 1333."[122]  In response, Plaintiff argues that supplemental jurisdiction should not be exercised, and that the remaining *in personam* claims are not removable because the *in rem* claims have been dismissed.[123]

Although the Court finds that *in rem* maritime claims are removable under § 1441, Defendants cite no authority that analyzes whether the existence of an *in rem* claim can be the "independent basis" of jurisdiction necessary to remove an *in personam* claim that was originally filed in state court under the Saving to Suitors Clause. As Defendant Teucarrier's opposition to the motion to remand points out, for a Saving to Suitors Clause case to be removed to federal court, there must be an independent basis of jurisdiction.[124] However, the Fifth Circuit describes this rule as requiring a basis of jurisdiction "*other than* admiralty."[125]

---

[120] Rec. Doc. 9–2 at 6–8.

[121] Rec. Doc. 15 at 5.

[122] Rec. Doc. 16 at 6–7.

[123] Rec. Doc. 22 at 4–5.

[124] Rec. Doc. 16 at 6–7.

[125] *Tennessee Gas*, 87 F.3d at 153 ("[I]t is well-established that the saving clause does not prevent the removal of maritime claims when original jurisdiction is based on something *other than admiralty*.") (emphasis added);

Because *in rem* claims undoubtedly stem from § 1333, it is not clear that such claims may serve as the "independent basis" of jurisdiction that would permit removal of *in personam* claims filed pursuant to the Saving to Suitors Clause. In *Keys v. Sea-Land HONDURAS*, the plaintiffs filed a petition in state court *in rem* against the vessel and *in personam* against the insurance company whose policy covered the vessel.[126] The defendants removed the case to federal court "on grounds of diversity jurisdiction and because the in rem action against the [vessel] is one of exclusive federal jurisdiction."[127] On a motion to remand, another judge in this district found that the removal of the *in rem* claim was proper, acknowledging that this conclusion was "in tension" with the Fifth Circuit's opinion in *Dutile*.[128] As explained above, however, the 2011 amendments made *in rem* claims removable and thus affirmed that part of the court's decision. Notably, having concluded that removal of the *in rem* claim was proper, the court went on to analyze whether removal of the *in personam* claim along with the *in rem* claim was proper. Recognizing that *in personam* claims can be removed "if there is a basis for removal other than admiralty jurisdiction," the court explained that removal would be proper only if there was diversity jurisdiction.[129] Thus, despite finding that the removal of the *in rem* claim was proper, the court considered diversity to be necessary in order to retain jurisdiction over the *in personam* claims.[130] Although non-binding

---

*Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1066 (5th Cir. 1981) (same); *Barker*, 713 F.3d at 220 (same).

[126] *Keys v. Sea-Land HONDURAS*, No. 97-3441, 1998 WL 28228 at *1 (E.D. La. Jan. 20, 1998) (Sear, J.).

[127] *Id.*

[128] *Id.* at *2.

[129] *Id.* at *4.

[130] *Id.*

on this Court, *Keys* persuasively suggests that removal of an *in rem* claim cannot support the removal of an *in personam* claim filed in state court under the Saving to Suitors Clause.

In support of its argument that an *in rem* claim can be the "independent basis" of jurisdiction necessary to remove an *in personam* claim filed under the Saving to Suitors Clause, Defendants cite one case from the Southern District of West Virginia, albeit involving similar factual circumstances.[131] In that case, the plaintiff filed *in rem* and *in personam* claims in state court, and the defendant removed the suit "[b]ased upon the in rem action and the Rule 9(h) designation."[132] After removal, the plaintiff amended the complaint to eliminate the *in rem* claim, and then sought remand, but the Court declined to remand the case.[133] Although that case does involve similar circumstances to the instant Motion, the court in that case assumed, without any analysis, that the existence of the *in rem* claim made the *in personam* claim removable.[134] As the Court has explained, however, the Fifth Circuit appears to require an independent basis "other than admiralty" for removal of an *in personam* claim.[135]

The conclusion that the existence of *in rem* claims do not make *in personam* claims removable is also more consistent with the removal statute. Section 1441 creates a mechanism for the removal of a nonremovable claim that is joined with a removable claim. Section 1441(c) describes the procedure for removal of an entire case where a civil action includes "a claim arising under the Constitution, laws, or treaties of the United States" and "a claim not within the original

---

[131] Rec. Doc. 16 at 6.

[132] *Adams v. Marathon Petroleum Co.*, No. 10-0605 2010 WL 4629910 at *1 (S.D. W. Va. Nov. 4, 2010)

[133] *Id.*

[134] *See id.*

[135] *Tennessee Gas*, 87 F.3d at 153.

or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute."[136] As noted, however, the Fifth Circuit has long held that admiralty claims do not "aris[e] under the Constitution, laws, or treaties of the United States" for purposes of § 1333.[137] Thus, under Fifth Circuit precedent, *in rem* admiralty claims are not federal questions under § 1331. Section 1441(c), therefore, is inapplicable to this case because it only applies when a nonremovable claim is joined with a federal question. Unlike Section 1441(c)'s procedure for the removal of a nonremovable claim that is joined with a federal question, Congress has not created an equivalent procedure governing the removal of a nonremovable *in personam* claim when it is joined with a removable *in rem* claim. Absent any authority from Congress, the Court cannot retain jurisdiction over an *in personam* claim that does not have an independent basis of jurisdiction "other than admiralty."[138]

## C.   *Supplemental Jurisdiction*

Defendants' urge the Court to retain supplemental jurisdiction over the *in personam* claim. Although the supplemental jurisdiction statute allows federal courts to hear state law claims that are "so related to claims in the action within [the federal court's original jurisdiction] that they form part of the same case or controversy," supplemental jurisdiction "on its own does not give federal courts the power to remove a state case that does not arise from a federal question or offer complete diversity of citizenship."[139] Removal based on supplemental jurisdiction is not proper

---

[136] 28 U.S.C. § 1441(c).

[137] *Dutile*, 935 F.2d at 62–63.

[138] *See Tennessee Gas*, 87 F.3d at 153

[139] *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 294 n. 15 (5th Cir. 2010); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) ("Without proper removal, a state-court action does not belong in federal court in the first place, and it is wrong to even consider supplemental jurisdiction.")

"even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient."[140] And, as discussed above, the removal statute does not provide any mechanism that authorizes the removal of an *in personam* claim when it is joined with an *in rem* claim.[141] Thus, the fact that the *in personam* claims are related to the *in rem* claim that has been dismissed does not make removal of the *in personam* claims proper.

Alternatively, even assuming supplemental jurisdiction could be invoked, the Court declines in its discretion to exercise it. Under 28 U.S.C. § 1367, the Court may exercise jurisdiction over any claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[142] Claims are sufficiently related when they "derive from a common nucleus of operative facts."[143] Upon dismissal of the claim that served as the basis for original jurisdiction, the district court retains supplemental jurisdiction over remaining claims, but it may choose whether or not to exercise that jurisdiction.[144] "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."[145] However, the "general rule" in the Fifth Circuit is to decline to exercise

---

[140] *Id.* (quoting *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996)).

[141] *See* David J. Sharpe, *The Future of Maritime Law in the Federal Courts: A Faculty Colloquium*, 31 J. Mar. L. & Com. 217, 234 (2000) (explaining that 1441 leaves open "problems that have not yet arisen: for example, whether an in rem action, removed to admiralty . . . can carry with it in personam state-law claims, using the supplemental jurisdiction of § 1367").

[142] 28 U.S.C. 1367(a).

[143] *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 221 (5th Cir. 2012).

[144] *Carlsbad Tech., Inc., v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).

[145] *Id.*

jurisdiction after the claims over which the district court has original jurisdiction has been dismissed.[146] Section 1367(c) enumerates several circumstances in which district courts may refuse to exercise supplemental jurisdiction:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[147]

District courts also consider whether the balance of common law factors of judicial economy, convenience, fairness, and comity favor exercising supplemental jurisdiction.[148] "[N]o single factor" is dispositive, and courts should look to "all [of] the factors under the specific circumstances of a given case."[149]

Although the *in personam* claims are sufficiently related to the *in rem* claim for purposes of supplemental jurisdiction, all but the first of the § 1367 factors favor remand. Because the *in rem* claim has been voluntarily dismissed, there are no remaining claims over which the district court has original jurisdiction. Therefore, the second and third factors weigh against exercising supplemental jurisdiction. Furthermore, the Court finds that the fourth factor—whether there are

---

[146] *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

[147] 28 U.S.C. 1367(c)

[148] *Batiste*, 179 F.3d at 227.

[149] *Parker & Parsley Petroleum Co. v. Dresser Industries*, 972. F.2d 580, 587 (5th Cir. 1992)

other compelling reasons for declining jurisdiction—favors remand here. As discussed, maritime law has long recognized the "historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal."[150] Because Plaintiff here has voluntarily dismissed the *in rem* claim, Plaintiff has evinced an intent to invoke this option. Exercising supplemental jurisdiction over the *in personam* claims after dismissal of the *in rem* claim would undermine Plaintiff's decision to invoke the option to proceed in state court that is preserved by the Saving to Suitors Clause.

As for judicial economy, convenience, fairness, and comity, Defendants argue that remanding could "result in inconsistent verdicts on liability, allocation of fault, and damages in the state and federal suits," as this Court is also considering the Board of Commissioner's suit against the BIANCA and its owner in a separate case. However, the Court finds that these concerns do not outweigh the § 1367 factors favoring remand.

## IV. Conclusion

Thus, although the Court has found that the *in rem* claim against the BIANCA was removable, Defendants have not carried their burden of demonstrating that removal of the *in personam* claim was proper based on the existence of the *in rem* claim at the time of removal. Guided by the principle that removal statutes "should be strictly construed in favor of remand,"[151] and that "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction,[152] the Court finds that remand is appropriate because there is no basis other

---

[150] *Romero*, 358 U.S. at 480.

[151] *Manguno*, 276 F.3d at 723.

[152] *Acuna*, 200 F.3d at 339 (citing *Willy*, 855 F.2d at 1164).

than the *in rem* claim for removal, and the *in rem* claim is not an independent basis for jurisdiction "other than admiralty" that would permit removal of the *in personam* claim. Alternatively, the Court declines to exercise supplemental jurisdiction because the *in rem* claim has been dismissed and Plaintiff's invocation of the savings to suitors clause is a "compelling reason" to decline jurisdiction under § 1367.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Plaintiffs "Motion to Remand"[153] is **GRANTED** and therefore the case is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that Defendant Teucarrier's "Motion to Consolidate"[154] is **DENIED AS MOOT**.

**NEW ORLEANS, LOUISIANA**, this __14th__ day of December, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[153] Rec. Doc. 9.

[154] Rec. Doc. 25.

30